

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 15, 1939

Hon. Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-703
Re: Whether Justice of the Peace on
fee basis entitled to such delin-
quent fees accrued and unreported
as required article 3897, Revised
Civil Statutes, 1925, as amended.

This department has considered your re-
quest for an opinion as contained in your letter
of April 26th, wherein you call our attention to
an opinion formerly rendered from the Attorney Gen-
eral's Department to Honorable Benjamin Woodall,
County Attorney of Harrison County, Texas and which
opinion, written by Honorable Joe J. Alsup, Assis-
tant Attorney General of Texas, was rendered on the
31st day of March, 1937. We further acknowledge
receipt of a copy of the above opinion, which you
have furnished for our consideration.

As the above opinion covers identically
the same questions raised in your letter of April
26th, and the correctness of said opinion is ques-
tioned, permit us to set forth the last three para-
graphs of your letter containing facts upon which
your request is based:

"Precinct Officers in Harrison County
are compensated on a fee basis. These
officers filed their annual reports for
the year 1937 and it would seem that some
of them failed to list any fees as having

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

been earned and not collected for the year
1937. Their reports would indicate that
none of them earned and collected the maxi-
mum for the year 1937.

"In checking over their annual reports
for the year 1938, I find that some of them
collected during the year 1938 fees that had
been actually earned in 1937, but, as stated
above, they were not listed in their annual
report for the year 1937 as having been earned
and not collected. Some of these delinquent
fees earned in 1937 and collected in 1938
were examining trial fees, where indictments
had been returned and filed during the year
1937.

"QUESTION: Would these precinct offi-
cers be entitled to collect and retain these
delinquent fees which had not been reported
as delinquent for the year 1927, some of
which have already been paid to them during
the year 1938, and some of the fees are still due
and uncollected, or do these fees belong to the
county by reason of the officer's failure to
report them as having been earned and uncollected
for the year 1937?"

It is interesting to note that the files of this
department have disclosed an opinion rendered to Hon. Moore
Lynn, State Auditor, on January 23, 1932, written by Honor-
able Everett F. Johnson, Assistant Attorney General, contra
to the view held by Mr. Alsup in the above opinion referred
to, to the effect that the retention of delinquent fees
under article 3892 in addition to other requirements therein
contained, was conditioned upon their being reported. Arti-
cle 3897, Acts 1925, Forty-fourth Legislature, Second Called
Session, Chapter 467, reads as follows:

"Each district, county and precinct
officer, at the close of each fiscal year
(December 31st) shall make to the district

court of the county in which he resides a
sworn statement in triplicate (on forms
designed and approved by the State Auditor)
a copy of which statement shall be forwarded
to the State Auditor by the clerk of the
district court of said county within thirty
(30) days after the same has been filed in
his office, and one copy to be filed with
the county auditor, if any; otherwise said
copy shall be filed with the Commissioners'
Court. Said report shall show the amount
of all fees, commissions and compensations
whatever earned by said officer during the
fiscal year; and secondly, shall show the
amount of fees, commissions and compensations
collected by him during the fiscal year;
thirdly, said report shall contain an itemi-
zed statement of all fees, commissions and
compensations earned during the fiscal year
which were not collected, together with the
name of the party owing said fees, commissions
and compensations. Said report shall be filed
not later than February 1st following the close
of the fiscal year and for each day after said
date that said report remains not filed, said
officer shall be liable to a penalty of Twenty
Five ($25.00) Dollars, which may be recovered
by the county in a suit brought for such pur-
poses, and in addition said officer shall be
subject to removal from office."

The above statute reads the same as the amended
Acts of 1930, Forty-first Legislature, Fourth Called Ses-
sion, chapter 20, at which session of the Legislature our
present article 3892 was enacted, and which reads as follows:

"Any officer mentioned in this chapter
who does not collect the maximum amount of
his fees for any fiscal year and who reports
delinquent fees for that year, shall be en-
titled to retain, when collected, such part
of such delinquent fees as is sufficient to
complete the maximum compensation authorized
by articles 3883, 3883-A, and 3886 for the

year in which delinquent fees were charged,
and also retain the amount of excess fees
authorized by law, and the remainder of
the delinquent fees for that fiscal year
shall be paid as herein provided for when
collected; provided, the provisions of this
article shall not apply to any officer after
one year from the date he ceases to hold the
office to which any delinquent fee is due,
and in the event the officer earning the fees
that are delinquent has not collected the
same within twelve months after he ceases to
hold the office, the amount of fees collected
shall be paid into the county treasury. Pro-
vided, however, that nothing in this Act pre-
cludes the payment of ex officio fees in
accordance with Title 61 of the Revised Civil
Statutes of Texas, 1925, as part of the maxi-
mum compensation. Provided, that any change
made in this article by this Act shall not
apply to fees heretofore earned."

Statutes providing fees for public officers
are strictly construed. Under the provisions of the
above statutes, the officer is required to make a sworn
report at the close of each fiscal year and such report
among other things, shall contain an itemized statement
of all fees, commissions and compensations earned during
the fiscal year which were not collected, together with
the name of the party owing said fees, commissions, and
compensations. This requirement found in Article 3897,
supra, contains the report required to be made by such
officers to which the provision contained in article 3892
undoubtedly refers. We quote from the opinion of the
court of Civil Appeals rendered in Bitter v. Bexar County,
266 S.W. 224:

"The only manner provided by law for
giving notice to the proper authorities of
the collection of fees, and the purpose for
which they w ere collected, is for the offi-
cers collecting such fees to make sworn re-
ports thereof. Upon such reports, settle-
ments are made annually with the county and
from s uch reports the amount due the county
as excess fees is ascertained. It was found

by the trial court that the appellant
made annual reports purporting to cover
all fees collected and received by him
during the fiscal year in question these
reports were sworn to as being complete
and correct, but none of the fees sued
for were included in such reports. The
failure to disclose in his reports, at
some period of time before the expiration
of his term of office, the essential facts,
was a plain violation of the law; and
whether intentional or otherwise he was
withholding material information from the
county, and it does not lie in appellant's
mouth to say the county had oral notice or
had approved his contention."

The Legislature, being authorized to fix and
determine the fees allowed to public officers may impose
necessary conditions, limitations and restrictions con-
sistent with their collection and disposition. Such
provisions afford protection to the county as well as
to the officers themselves and provide means of readily
checking up and following the sources of all funds be-
longing to the county or to the officer ultimately. Such
examining fees in question become due and payable after
indictment of the defendant for the offense for which he
was charged in the examining court, (see article 1020,
C. C. P., 1925, as amended). Such fees come within the
provisions of Articles 3892 and 3897, supra, and are re-
quired to be reported by the officer. It is our view
that the requirement that such fees be included in the
officers sworn report, being mandatory, is a condition
precedent to allowing him to retain such fees as allowed
by article 3892 and failing to do so, such officer has
not met the requirements of said statute. We overrule
the opinion of Hon. Joe J. Alsup, above referred to.

It is, therefore, the opinion of this depart-
ment that the provisions of article 3897, being manda-
tory, must be complied with before the Justice of the
Peace can demand or be entitled to retain under the
provisions of article 3892, as a matter of right, such
delinquent examining trial fees payable, and qualify
under the provisions thereof.

Trusting the above answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS


By (Signed) Wm. J. R. King
Assistant

WmK:OMB

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved:  Opinion Committee
         By REK, Chairman